**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Crim. Case No.: 04-80099
    HONORABLE VICTORIA A. ROBERTS

KARLA MARIE SMITH,

    Defendant.

_____/

**ORDER DENYING DEFENDANTS' MOTION**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion for Judgment Notwithstanding the Verdict or, in the alternative, for a New Trial, with request for an evidentiary hearing. For the reasons stated, the Court DENIES Defendant's motion.

**II.  BACKGROUND**

After a jury trial conducted by this Court from March 14 through March 16, 2005, Karla Marie Smith ("Defendant") was convicted on each count of a three count indictment charging: felon in possession of a firearm in violation of 18 U.S.C. § 922(g); possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  Defendant contends that the verdicts returned by the jury were against the great weight of the evidence, and a series of errors during the trial combined to violate her rights to due process and effective assistance of counsel. Therefore, Defendant seeks judgment notwithstanding the verdict or, in the alternative, a new trial.

III.     **APPLICABLE LAW AND ANALYSIS**

In support of her motions for judgment notwithstanding the verdict and for a new trial, Defendant contends that her right to a fair trial was prejudiced because of the cumulative impact of errors and because: (1) the jury was informed of her alleged numerous aliases; (2) she was denied her right to contest Sgt. Spencer's statement pursuant to F.R.Cr.P. 12 and 18 U.S.C. § 3501(e); (3) and the Government engaged in a persistent and pervasive pattern of misconduct that deprived Defendant of her due process rights. Additionally, Defendant asserts that the weight of the evidence does not support the jury's verdict.

    A.     Error At Trial

        1.     Prosecutor's Use of Defendant's Aliases

Prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). When addressing a claims of prosecutorial misconduct, the court must first determine whether the challenged statements were indeed improper. *See United States v. Francis*, 170 F.3d 546, 549 (6th Cir. 1999). Upon a finding of such impropriety, the court must then "look to see if they were flagrant and warrant reversal." *Id*. Flagrancy is determined by four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *See Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (*citing Francis*, 170 F.3d at 549-50); *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997). "To constitute the denial of a fair trial, prosecutorial

misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett*, 117 F.3d at 964 (citations omitted).

In opening statements, the Government noted Defendant used several aliases including: Carla Marie Jackson, Carla Marie Smith, Kesha Wells, Keesha Wells and Kim Jackson. Defendant made no objection at that time. The aliases were not mentioned during testimony, but the Government attempted to mention Defendants' aliases in closing. Defendant raised an objection and the aliases were not repeated.

It is well-settled in this Circuit that proof of an alias should be introduced at trial only when it is "relevant to identifying the defendant." *United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972); *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001)(proof of alias may be used to "connect the defendant[ ] with the acts charged"). Indeed, the Circuit "strongly disapproves" of reference to defendant's use of aliases because of the potential prejudicial effect. *Id.*

Like *Wilkerson*, "[h]ere, the Government did not offer proof of the aliases of [Defendant], and it appears that the principal use to which the aliases were put was to indicate to the jury that people who use aliases are inherently suspect." *Id.* The Government response to this motion offers no justification for mentioning Defendant's alleged aliases. Thus, mentioning aliases in the opening statement was clear error on the part of the Government, likely intended to prejudice the accused, and deliberately put before the jury. However, the statement was isolated. Further, for reasons discussed more fully *infra*, and in light of the strength of the evidence against Defendant, the Court finds that neither the error with respect to the aliases nor the

prejudicial effect of the Government's reference to the aliases necessitates a new trial. *See id.*

        2.       Defendant's Alleged Statement to Sgt. Spencer

At trial, Detroit Police Sgt. Tyrone Spencer, the Officer in Charge of the raid which resulted in Defendant's arrest, testified that when Defendant was arrested she stated that she had been robbed two days prior and her supplier purchased the firearm for her protection.[1] Sgt. Spencer asserts that the statement was made immediately upon the detention of Defendant in the home's bathroom after she fled the front area of the home during the raid. The statement was not noted in any report produced by any officer at the scene, including Sgt. Spencer's report.

Given the circumstances surrounding the statement, the Government asserted that the statement was an admissible excited utterance. Defendant alleges that she was not notified that a statement was made until trial, and objected to its presentation to the jury. The Court admitted the statement. Defendant now contends that the statement was a confession and should have been disclosed pursuant to 18 U.S.C. § 3501.[2]

        a.       Government Had No Obligation to Disclose Statement

Assuming, arguendo, that Defendant's statement was a confession, under the circumstances, 18 U.S.C. § 3501 does not require disclosure. Defendant relies on 18

---

[1] The transcript is not available at the time of this Order. The content of the statement is based on the assertions in Defendant and the Government's briefs.

[2] Defendant's brief does not challenge the Court's conclusion that the alleged statement satisfies the requirements to be deemed an excited utterance pursuant to FRE 803(2). This Court will not address that specific issue in this Order.

U.S.C. § 3501(a) which states:

> (a) In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

Defendant contends that error occurred because the alleged statement was not provided as part of discovery and counsel was rendered ineffective because he was unable to prepare a defense to the statement prior to trial. However, Defendant fails to acknowledge 18 U.S.C. 3501(d) which exempts confessions given freely, without interrogation. Specifically, 18 U.S.C. 3501(d) notes:

> (d) Nothing contained in this section shall bar the admission in evidence of any confession <u>made or given voluntarily by any person to any other person without interrogation by anyone</u>, or at any time at which the person who made or gave such confession was not under arrest or other detention.

Sgt. Spencer testified that Defendant's alleged statement was made without prompting or interrogation on his part. Defendant does not contest this allegation. Therefore, Defendant's contention that the Government's failure to disclose the alleged statement prior to trial was error, is without merit. *See United States v. Colon*, 835 F.2d 27, 30-31 (2d Cir. 1987)(spontaneous statements which are "not the product of interrogation or its functional equivalent ... not excludable under Section 3501"); *United States v. Bailey*, 728 F.2d 967, 970 (7th Cir. 1984)(statements not the result of interrogation admissible, no hearing required).

Additionally, as this Court noted at trial, the Government was not required to disclose the statement pursuant to F.R.Cr.P. 16(a) which states:

> Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, <u>in response to interrogation by a person the defendant knew was a government agent</u> if the government intends to use the statement at trial.

"It is clear that a literal reading for the Rule does not require the government to provide statements made by the defendant that were not made in response to an interrogation." *United States v. Godinez*, 114 F.3d 583, 589 (6th Cir. 1997).

Lastly, the Government's discovery notice denying that a discoverable statement was made by Defendant related to:

   a.   relevant written or recorded statements, (including grand jury testimony), and/or
   b.   relevant oral statements made in response to interrogation, whether before or after arrest, by a person then known to the defendant to be a government agent, whether or not the statement is included in a written record...

*See* Def. Ex. 1, United States District Court "Discovery Notice" at p. 1. The Discovery Notice tracks the language in Rule 16(a).

The Government's failure to disclose Defendant's alleged statement prior to trial was not error and did not unfairly prejudice Defendant.

   B.   F.R.Cr.P. 29 Motion for Judgment Notwithstanding the Verdict

It is well settled that a trial judge confronted with a Federal Rule of Criminal Procedure 29 motion must consider all of the evidence in a light most favorable to the government. *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004); *United States v. Head*, 927 F.2d 1361, 1365 (6th Cir. 1991). "The government must be given the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial. It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." *Id.*

While the Court does not concur with the Government's assertion that the evidence was "overwhelming," see Gov't Resp. Br. at p.8, the Court does conclude that, giving all inferences to the Government, the evidence was significant and, indeed, sufficient to support the jury's verdict. For the reasons outlined in the Government's brief at pp. 5-8,[3] the Court finds that (1) there was sufficient evidence presented from which the jury could conclude that Defendant was a felon in constructive possession of the firearm; (2) there was sufficient evidence that Defendant was engaged in the distribution of cocaine base; and (3) the firearm was possessed in furtherance of a drug trafficking crime. The Court DENIES Defendant's Motion for Judgment Notwithstanding the Verdict.

C.    F.R.Cr.P. 33 Motion for a New Trial

Pursuant to Fed.R.Cr.P. 33, on motion of a defendant, a court may "grant a new trial if the interest of justice so requires." F.R.Cr.P. 33(a). "In a Motion for New Trial, the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)(*quoting United States v. Turner*, 490 F. Supp. 583 (E.D. Mich. 1979), *aff'd*, 633 F.2d 219 (6th Cir. 1980), *cert. denied*, 450 U.S. 912 (1981). The Court should exercise its discretion to grant a Rule 33 motion attacking the weight of the evidence "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Id.*; *see also United States v. Bowker*, 372 F.3d 365, 390 (6th Cir. 2004).

---

[3] Interestingly, the facts and evidence relied upon by the Government do not include the testimony of Sgt. Spencer regarding Defendant's alleged statement.

As noted, the Government improperly stated Defendant's aliases during opening statements. However, given the significant and substantial evidence offered by the Government of Defendant's guilt, the Court cannot conclude that a new trial would be in the interest of justice. Based upon the same facts and evidence relied upon to deny Defendant's motion for judgment notwithstanding the verdict, the Court also DENIES Defendant's motion for a new trial.

Defendant's argument that she was prejudiced because her attorney was unable to challenge Sgt. Spencer's statement prior to trial pursuant to F.R.Cr.P. 12 is without merit. Defendant makes no credible argument that the statement should have been disclosed prior to trial or that the statement was excludable. Thus, Defendant was not prejudiced by her counsel's inability to challenge the statement in a pre-trial motion pursuant to F.R.Cr.P. 12.

Also, given that the Government's failure to disclose Defendant's alleged statement to Sgt. Spencer prior to trial was not error, Defendant's argument that the cumulative impact of the errors warrants a new trial is of no avail.

The Court's finding against Defendant, however, does not rest, in any way, on Sgt. Spencer's testimony. His testimony was simply not credible. Most telling, as noted by defense counsel during cross examination, is Sgt. Spencer's admission that the statement was not heard by other officers and that no officer, including Sgt. Spencer himself, noted Defendant's alleged statement in reports filed after the raid.

## IV.   CONCLUSION

For the reasons stated, the Court DENIES Defendant's Motion for Judgment Notwithstanding the Verdict, and, in the alternative, for a New Trial.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: May 19, 2005**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 19, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**

---